IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| The Gem Group, Inc.<br>d/b/a Gemline<br>        Plaintiff,<br> v.<br>Herschel Supply Company Ltd.<br>        Defendant. | Civil Action No. |

## COMPLAINT

Plaintiff Gem Group, Inc. ("Plaintiff"), by its attorneys, Hage Hodes, P.A., submits this complaint against the Defendant Herschel Supply Company Ltd. ("Herschel" or "Defendant") for Declaratory Judgment and other relief and in support thereof alleges the following:

## NATURE OF THE ACTION

1. This action is brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and Plaintiff seeks a declaration that the use of its Heritage Supply Company mark in connection with the sale of its products is entirely lawful and does not infringe any of Defendant's rights in its "Herschel" marks described herein.

2. Plaintiff seeks a declaratory judgment pursuant to the Lanham Act, 15 U.S.C. § 1051 *et seq.*, that it does not infringe any trademark rights of Defendant which Defendant contends it has in the Herschel Logo, U.S. Trademark Reg. No. 4571535, the word mark "HERSCHEL," U.S. Trademark Reg. No. 4571536, as well as the unregistered mark "HERSCHEL," application Serial Number 86/628744, and the unregistered mark "HERSCHEL HERITAGE," application Serial Number 86/132,110, or any other marks used by Defendant

1

(hereinafter collectively termed "Defendant's Marks").  Plaintiff seeks a declaratory judgment pursuant to Section 32 of the Lanham Act 15 U.S.C. § 1114 *et seq.* that it does not infringe any of Defendant's Marks.  Plaintiff further seeks declaratory judgment that it does not engage in false designation of origin or unfair competition under 43 (a) of the Lanham Act, 15 U.S.C. § 1125(a) *et seq.* with regard to Defendant's Marks.  Plaintiff further seeks declaratory judgment that it does not engage in trademark dilution in violation of section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c) *et seq.* with regard to Defendant's Marks.  Plaintiff further seeks declaratory judgment that it does not engage in trademark infringement, unfair competition, injury to business reputation, nor trademark dilution with regard to Defendant's Marks under the statutory and/or common law of the Commonwealth of Massachusetts.

3. Plaintiff also seeks cancellation of Defendant's U.S. trademark registration number 4571535 and of Defendant's U.S. trademark applications for "HERSHEL HERITAGE," serial numbers 86132110 and 86628756.

**PARTIES**

4. The Gem Group, Inc., is a Massachusetts corporation with a principal place of business at 9 International Way, Lawrence, Massachusetts, 01843.  Plaintiff makes and sells, and causes to be made and sold, a wide range of promotional products and soft goods, including but not limited to bags, backpacks, totes, portfolios and padfolios (hereinafter termed "Gem Products").

5. Upon information and belief, Herschel Supply Company Ltd. is a Canadian company with its principal place of business at 327-611 Alexander Street, Vancouver, British Columbia, Canada V6A1E1.

## JURISDICTION AND VENUE

6. This is an action for declaratory judgment arising under (i) the Trademark Laws of the United States, 15 USC § 1051 *et seq.* (the "Trademark Act"); (ii) 15 U.S.C. §1125, *et seq.* (the "Lanham Act"); and (iii) 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act). Thus, this Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

7. This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant by itself or through its agents regularly solicits, transacts, engages in business within the Commonwealth and operates an interactive website, which also acts as a sale portal for online sales, available for access within the Commonwealth.  Therefore Plaintiff is informed and believes, and thereon alleges, that Defendant has sold goods in association with the mark in issue in this District and State.

8. Defendant, directly and indirectly, has made use of the means and instrumentalities of interstate commerce and of the mails in directing correspondence and other communication to the Plaintiff in this District and State, in connection with the acts, practices and courses of business, and specifically in furtherance of its unfair competition,  and claims of trademark infringement as alleged herein.

9. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) and § 391(c)(2) in that Defendant has sold products or services which are the subject of this action in this district.

## BACKGROUND

10. Plaintiff hereby incorporates by reference paragraphs 1 through 9 as if fully set forth herein.

11. Headquartered in Lawrence, Massachusetts, Plaintiff is a recognized leading designer and producer of promotional products within the promotional goods market and produces goods in quantity that are sold to companies and corporate entities that are seeking to grow their own brands or that place their own logos and/or brands upon Gem Products.

12. Plaintiff has been in business for over 50 years.

13. Plaintiff is the promotional product industry's premier supplier of bags, business accessories, gifts and writing instruments, and is ranked as the 17th largest industry supplier by the Advertising Specialty Institute (ASI).

14. Defendant, Herschel, is a Vancouver-based company that produces backpacks and messenger bags that carry the Herschel name and logo and are sold in U.S. retailers such as Urban Outfitters and Nordstrom.

15. Upon information and belief, Defendant has been in business since 2009.

16. Defendant is the owner of the Herschel Logo, U.S. Trademark Reg. No. 4571535, the word mark "HERSCHEL," U.S. Trademark Reg. No. 4571536 and unregistered application Serial Number 86/628744, and unregistered mark "HERSCHEL HERITAGE," application Serial Number 86/132,110.

17. Defendant's allege a first use date of January 31, 2011 for the Defendant's Marks.

18. Plaintiff's use of its logo is distinct and not likely to cause confusion with the Herschel Supply Co. See attached **Exhibit A**, Plaintiff's mark, and attached **Exhibit B**, U.S. Trademark Reg. No. 4571535, Defendant's mark. Plaintiff asserts that there is a clear distinction between the designs and between the wordings of these marks.

19. Plaintiff's use of its logo predates Defendant's date of first use and therefore Plaintiff's Mark has priority over Defendant's Marks.

20. Upon information and belief, Defendant does not possess any valid federal or state trademark registration for the word "HERITAGE," alone or in combination with "SUPPLY CO." or "SUPPLY COMPANY."

21. The use of "HERITAGE" in association with trademarks is very common. A search of the United States Patent and Trademark Office (USPTO) Trademark Electronic Search System (TESS) shows over 2800 trademarks containing the word "HERITAGE" that have been applied for and/or registered with the USPTO.

22. The use of "SUPPLY" in association with trademarks is also very common. A search of the USPTO TESS shows over 4,400 trademarks containing the word "SUPPLY" that have been applied for and/or registered with the USPTO.

23. At least one unrelated use of "HERITAGE SUPPLY" is in use in conjunction with the sale of medical products, including use associated with the sale of bags, as shown in attached **Exhibit C**. Furthermore, heritagesupply.com is owned by Heritage Supply Inc. (the medical product supplier), and is used for the sale of, among other products, bags. The left side of the page in **Exhibit C** includes a listing for "medical bags/cases."

24. The use of "SUPPLY CO." or "SUPPLY COMPANY" in association with trademarks is very common. A search of the USPTO TESS shows over 500 trademarks containing "SUPPLY CO." or "SUPPLY COMPANY" that have been applied for and/or registered with the USPTO.

25. Upon information and belief, Defendant's own trademark registrations and applications have consistently disclaimed the words "SUPPLY COMPANY," and "SUPPLY CO. BRAND," as the Defendant has acknowledged that Defendant does not own any protectable

interest in the words "SUPPLY COMPANY," and "SUPPLY CO. BRAND" and these words are incapable of indicating the origin of Defendant's goods.

26.     The Defendant's marks emphasize the only distinctive word "HERSCHEL" in their logo in significantly larger, scripted print as it is incorporated into the registered logo along with other words such as "SUPPLY CO.," in U.S. Trademark Reg. No. 4571535, as shown in **Exhibit A**.  Defendant not only emphasizes in larger print the only distinctive part of the mark, the word "HERSCHEL," but the decorative words "SUPPLY CO. BRAND," "FINEST QUALITY," and "TRADEMARK" are all disclaimed in the trademark registration and appear in small fonts indicative of their lack of distinctiveness.

27.     Upon information and belief, none of Defendant's Marks contain all three of the words "HERITAGE SUPPLY COMPANY," or all three of the words "HERITAGE SUPPLY CO."  Furthermore, Defendant has consistently disclaimed the use of the words "SUPPLY COMPANY" and "SUPPLY CO."

28.     In view of paragraphs 11-27, the words "HERITAGE," "SUPPLY," and COMPANY," individually are not distinctive, and their appearance in Plaintiff's logo is not likely to cause confusion with Defendant's Marks and/or unregistered applications which variously may contain the words "HERITAGE," "SUPPLY," "CO.," and "COMPANY."

29.     Upon information and belief, Plaintiff is the senior user over Defendant of all Marks containing the word "HERITAGE," and therefore cannot infringe.

30.     Upon information and belief, Plaintiff is the senior user over Defendant for all marks used by Plaintiff in all commerce.

31. Upon information and belief, one or more of Defendant's marks are invalid based upon fraud, mere descriptiveness, and other grounds that render marks unprotectable and/or invalid under the Lanham Act and state trademark law.

32. Defendant, through its attorneys, first contacted Plaintiff on or about June 20, 2014 demanding that Plaintiff stop using Plaintiff's Heritage mark and to stop using the name "Heritage" "with any products covered by or related to the goods listed in Herschel's trademark applications for the Herschel Logo or the Herschel Heritage mark on a going forward basis".

33. Thereafter a series of communications ensued between Plaintiff, through its counsel, and Defendant's counsel, culminating most recently with an imminent threat by Defendant that it would commence an action against Plaintiff, unless Plaintiff stopped using its Heritage mark. In their most recent communication, Defendant's counsel included a draft Complaint against Plaintiff to be filed in Federal Court in the Southern District of New York, and which has not yet been filed as of this date.

34. As of the date of filing of this complaint, the parties, through counsel, have been unable to reach a resolution of this trademark dispute and appear to be an impasse.

**COUNT I**

**Declaratory Judgment of Senior User Status**

35. Plaintiff hereby incorporates by reference paragraphs 1 through 34 above as if fully set forth herein.

36. Plaintiff began using the Mark "HERITAGE" earlier than the Defendant has used the word "HERITAGE," and Plaintiff begs the court to adjudge this as a fact.

37. Since Plaintiff has clear priority of use, Plaintiff is incapable of infringing the Defendant's Mark.

## COUNT II

### Declaratory Judgment of Non-Infringement
### Under Section 32 of the Lanham act

38. Plaintiff hereby incorporates by reference paragraphs 1 through 37 above as if fully set forth herein.

39. Plaintiff asserts priority of use, and therefore Plaintiff is unable of infringing Defendant's mark.

40. Furthermore, Plaintiff's use of "HERITAGE," "SUPPLY," and "COMPANY" is not likely to cause confusion or mistake with Defendant's Marks that variously contain the words "HERITAGE," "SUPPLY," "CO.," and/or "COMPANY," because "HERITAGE" alone is not distinct, and Defendant has no marks containing "HERITAGE" in combination with either "SUPPLY COMPANY" or "SUPPLY CO." Furthermore, Defendant has acknowledged that it has no rights in "SUPPLY COMPANY" or "SUPPLY CO."

## COUNT III

### Declaratory Against False Designation of Origin
### Under Section 43(a) of the Lanham Act

41. Plaintiff hereby incorporates by reference paragraphs 1 through 40 above as if fully set forth herein.

42. Given Plaintiff's priority and continued use of their mark containing all three words "HERITAGE," "SUPPLY," and "COMPANY," there is no likelihood of confusion with Defendant's Marks containing various combinations of the words used in Plaintiff's mark.

## COUNT IV

### Declaratory Judgment Against Trademark Dilution
### Under Section 43(c) of the Lanham Act

43. Plaintiff hereby incorporates by reference paragraphs 1-42 above as if fully set forth herein.

44. Plaintiff asserts that Defendant's marks are not famous, and are not well known, beyond a narrow niche market and do not extend into Plaintiff's channels of trade, which are the promotional goods market.

45. Plaintiff asserts that the mark "HERITAGE SUPPLY" is in use by other parties producing and selling bags in other channels of trade, as set forth in Exhibit C, which is incorporated by reference

46. Plaintiff's use of the mark HERITAGE SUPPLY COMPANY does not dilute Defendant's marks.

## COUNT V

### Claim for Injunctive Relief Under Massachusetts State Law
### Title XV, Chapter 110H, Section 13, Mass State Statutes: Section 13

47. Plaintiff hereby incorporates by reference paragraphs 1-46 above as if fully set forth herein.

48. Title XV, Chapter 110H, Section 13 Mass State Statutes: Section 13. Likelihood of injury to business reputation or of dilution of the distinctive quality of a mark registered under

this chapter, or a mark valid at common law, or a trade name valid at common law, shall be a ground for injunctive relief notwithstanding the absence of competition between the parties or the absence of confusion as to the source of goods or services.  Plaintiff asserts that its prior first use of the Common Law mark "HERITAGE SUPPLY COMPANY" is subject to injury to its business reputation and dilution of its distinctive quality.

49.    Plaintiff therefore seeks injunctive relief against Defendant under Massachusetts State Title XV, Chapter 110H § 13 to prevent damage to its mark and business reputation.

**RELIEF REQUESTED**

For the above reasons, Plaintiff respectfully requests that this Court:

A.    Enter judgment in favor of Plaintiff and against Defendant;

B.    Issue an order declaring that Plaintiff's use of their logo and "HERITAGE SUPPLY COMPANY" does not infringe on any federal, state, or common law trademark rights of Defendant;

C.    Issue an order declaring that Plaintiff is not violating any federal or state law as a result of its use of its logo and "HERITAGE SUPPLY COMPANY" marks in commerce;

D.    Order cancellation of Defendant's U.S. trademark registration number 4571535.

E.    Order cancellation of Defendant's U.S. trademark applications for "HERSHEL HERITAGE," serial numbers 86132110 and 86628756.

F.    Order injunctive relief prohibiting Defendant from use in commerce of marks containing the words "HERITAGE," "SUPPLY," and/or "COMPANY."

    G.      Grant Plaintiff an award of its reasonable costs and attorneys' fees; and

    H.      Grant Plaintiff all additional relief as this Court may deem just and proper.

### Request for Jury Trial

Plaintiff requests a trial by jury on all issues so triable.

                      Respectfully submitted,

                      The Gem Group, Inc.

                      By its attorneys,

Dated: June 4, 2015            /s/ Jamie N. Hage (BBO No. 216300)
                                    HAGE HODES P.A.
                                    1855 Elm Street
                                    Manchester, NH 03104
                                    P: 603-668-2222
                                    E: jhage@hagehodes.com


                      Of Counsel (pro hac vice)
                      William P. Loginov (BBO No. 555037)
                      Loginov IP
                      214 South Main Street
                      Concord, NH 03301
                      P: 603-369-4146
                      E: wloginov@lovinovlaw.com